UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEFFERY PUNCH, JR. ALVIN PUNCH, JR. EDDIE LACOSTE and BRYAN LINER, JR. | CIVIL ACTION |
| VERSUS | NO.:12-00388 |
| CHEVRON U.S.A., INC., CHEVRON EUROPEAN HOLDINGS, L.L.C. (Prior name, Texaco Aviation Products, LLC) and HILCORP ENERGY COMPANY | SECTION "B" (3) |

### ORDER AND REASONS

**Nature of Motion and Relief Sought:**

Before the Court is Defendant Hilcorp Energy's ("Hilcorp") Motion for Summary Judgment. (Rec. Doc. No. 20). In response, Plaintiffs filed an opposition (Rec. Doc. No. 26), to which Defendant filed a reply in support of the Motion for Summary Judgment (Rec. Doc. No. 38). Accordingly, and for the reasons articulated below, **IT IS ORDERED** that Defendant's Motion for Summary Judgment (Rec. Doc. No. 20) is **DENIED**.

**Causes of Action and Facts of Case:**

This lawsuit arises from the alleged negligence of the Defendant Hilcorp in failing to exercise due care in managing a submerged piling in Dog Lake Oil Field in Hackberry Lake. (Rec. Doc. No. 1, at 3; Rec. Doc. No. 20, at 1). On or about December 22, 2011, an allision occurred between a vessel operated and

manned by Plaintiffs and an alleged submerged underwater piling purportedly located in Hilcorp's Dog Lake Oil Field in Hackberry Lake. (Id. at 2). Plaintiffs were oyster fishing when the vessel's dredge hook allegedly caught on an unburied piling which was cut off below the surface causing plaintiffs to be thrown into the oyster table and then to the deck of the vessel and severely injuring their backs, necks, knees and wrists. (Rec. Doc. No. 16, at 1). In this lawsuit, Plaintiffs contend that the alleged object was under the care, custody and control of the Defendant (Rec. Doc. No. 26, at 2) and that this incident was the result of Defendant's negligence. (Rec. Doc. No.1, at 3).

**Law and Analysis:**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the

nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998). "[T]he issue of material fact required by Rule 56© to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The moving party bears the initial responsibility of informing the district court of the basis for its motion. *Celotex*, 477 U.S. at 323. The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (citing Fed. R. Civ. P. 56). If and when the movant carries this burden, the nonmovant must then go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid

summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

The alleged incident in this case occurred in navigable waters, giving this Court admiralty jurisdiction over this case. *See Branch v. Schumann*, 445 F.2d 175, 177-78 (5th Cir. 1971). A private party assumes liability for damages resulting from collision of a boat with an obstruction in navigable waters when it has ownership, custody or is responsible for the placement of the obstruction in navigable waters. *See Creppel v. Shell Oil Company*, 738 F.2d 699, 701 (5th Cir. 1984); *Savoie v. Chervron Texaco*, No.04 Civ. 1302(EEF), 2006 WL 2795460, at *2 (E.D.La. Sept.27, 2006). **Plaintiffs have shown admissible proof of a genuine issue of material fact as to whether HilCorp owns, has custody of, or has placed the alleged obstruction in navigable waters.**

First, both Plaintiffs and Defendants have submitted evidence that a rusted pipe was found in the area of the alleged accident. In *Ervin v. Masters Resources LLC*, the Fifth Circuit noted that Plaintiff's inability to locate a pipe in the waters where the alleged accident took place warranted a judgment in favor of the defendant. 335 Fed. Appx 819, 821 (5th Cir. 2009). Similarly, Fifth Circuit district courts have found that failure to find any underwater obstructions in the area of an alleged

4

allision supports summary judgment in favor of the defendant. 2006 WL 2795460, at *3. The case at bar is factually distinguishable because both the Plaintiffs and Defendant have submitted depositions from individuals claiming that they did find a pipe at the alleged accident site. (Rec. Doc. No. 20-2, at 3; 20-5, at 14; 20-9, at 14; 26-2, at 1).

Second, both Plaintiffs and Defendants have submitted exhibits that demonstrate that a genuine issue of material fact exists as to the possible ownership of the alleged underwater obstruction. In *Ragas v. Tennessee Gas Pipeline Co.,* the district court determined that summary judgment was proper in a case involving a collision with a submerged piling because the plaintiffs did not provide *any* evidence that the defendants owned or controlled the pilings at issue. No. 94 Civ. 2932(HGB), 1997 WL 20776, at *1, ftnt. 1 (E.D.La. Jan. 21, 1997)(italics inserted). In this case, there is evidence that Hilcorp may have own, controlled or placed objects at the site of the alleged accident. In the affidavit of Plaintiff's Civil Engineer and Land Surveyor, it is stated that he inspected the site of the alleged accident and found a submerged piling located between two Hilcorp Energy Facilities in Dog Lake Field. (Rec. Doc. No. 26-2, at 2). He further stated that to the best of his knowledge about Dog Lake Field, Texaco was the only entity to perform oil and gas

exploration. (Id.). Texaco later sold the field to Chevron who in turn sold it to Hilcorp. (Id.). Additionally, he believes it likely that the piling identified by the Plaintiffs as being involved in the accident was once a part of the Texaco facility which was ultimately acquired by Hilcorp. (Id.). Defendant asserts that they acquired a lease for Dog Lake Field from Chevron in 2004. (Rec. Doc. No. 20-2, at 4). Additionally, Hilcorp admits that it engaged in ongoing work (including plugging and abandoning) on Dog Lake Field beginning in November 2011 (Rec. Doc. No. 20-9, at 7) and the alleged accident occurred in December 2011. Thus, there is a genuine issue of material fact as to whether Hilcorp owned the area in which the alleged accident took place and as to whether Hilcorp owned, controlled or placed the underwater piling at issue in Dog Lake Field.

Accordingly, and for the reasons stated herein, **IT IS ORDERED** that Defendant's Motion for Summary Judgment be **DENIED.**

New Orleans, Louisiana, this 22nd day of October, 2012.

_____
UNITED STATES DISTRICT JUDGE